IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FAROUK SYSTEMS, INC. § § Plaintiff, § § vs. § § RAKESH V. PARMAR, INDIVIDUALLY and § D/B/A SCULLEY_1 § § Defendant. § | CIVIL ACTION NO. 07-03384 JURY DEMANDED |

## COMPLAINT

Farouk Systems, Inc. ("FSI" or "Plaintiff") files this Complaint against Rakesh V. Parmar, individually and doing business as sculley_1 ("Defendant") and would respectfully show the Court as follows:

## PARTIES

1.  Plaintiff Farouk Systems, Inc. is a Texas corporation with its principal place of business in Houston, Texas.

2.  Defendant Rakesh V. Parmar, individually and doing business as sculley_1 is an individual residing at 12200 Merrick Circle, Peachtree, Georgia 30269. Defendant may be served with process in person at 12200 Merrick Circle, Peachtree, Georgia 30269.

## JURISDICTION AND VENUE

3.  The United States District Court for the Southern District of Texas has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 in that this matter is a civil action arising under the Constitution, laws, or treaties of the United States. This action

involves federal trademark rights, federal Lanham Act violations, and other federal causes of action.

4. This Court also has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332 in that this matter is a civil action between citizens of different states wherein the amount in controversy is believed to exceed the sum of $75,000, exclusive of interest and cost. Plaintiff is a Texas corporation with its principal place of business in Houston, Texas. Defendant is a resident of the state of Georgia and is doing business in Texas and, on information and belief, has systematic and continuous contact with the state of Texas. Defendant, on information and belief, also does business in Harris County, Texas, and a substantial part Defendant's acts and conduct giving rise to the claims herein occurred in Harris County, Texas.

## FACTUAL BACKGROUND

5. FSI owns U.S. Trademark Registration No. 2,660,257, issued December 10, 2002, for the mark CHI® for electric hair curling irons. A true and correct copy of the U.S. Trademark Registration No. 2,660,257 is attached hereto as Exhibit A and is incorporated herein.

6. U.S. Trademark Registration No. 2,660,257 is valid, subsisting, and in full force and effect.

7. FSI owns U.S. Trademark Registration No. 3,107,769, issued June 20, 2006, for the mark CHI® for electric hand-held dryers. A true and correct copy of the U.S. Trademark Registration No. 3,107,769 is attached hereto as Exhibit B and is incorporated herein.

8. U.S. Trademark Registration No. 3,107,769 is valid, subsisting, and in full force and effect.

9. Additionally, FSI is the owner of U.S. Trademark Application Serial No. 78/524,660 for the mark CHI for hair coloring preparations, namely, hair color lighteners, color

lock treatments, color developers, and colors; U.S. Trademark Application Serial No. 77/055,581 for the mark CHI NANO for various hair irons; U.S. Trademark Application Serial No. 76/512,597 for the mark CHI for hair care products, namely, shampoo, thermal hair protective treatment, hair strengthening treatment, hair conditioner; hair care preparations, namely, solutions which bond to the hair to strengthen the hair, and solutions to transform frizzy, curly, or damaged hair; and U.S. Trademark Application Serial No. 78/622,448 for the mark ULTRA CHI for hair dryers.

10. The trademark CHI® (the "Mark") is associated exclusively with FSI for use with hair irons, as well as numerous other hair care products. FSI has used the mark CHI® in interstate commerce continuously since 2002. As a result of FSI's marketing of its products and the extensive advertising and other business generation efforts to promote the Mark, the Mark has become well-known in the Houston metropolitan area, the State of Texas, the United States, and globally as identifying FSI's products and business. Customers and potential customers in these areas have come to identify the Mark as originating with FSI. Consequently, FSI has developed substantial recognition among the consuming public for its high quality products sold under its CHI® Mark and has acquired and enjoys a valuable reputation and significant goodwill associated with its CHI® Mark and products sold under its CHI® Mark.

11. FSI's use of the Mark in the hair care industry has been exclusive. As a result of this exclusive use of the Mark and the long and widespread use that has been made by FSI of the Mark, there is substantial recognition and association of the Mark with FSI by the consuming public for hair care products.

12. FSI has recently learned that Defendant has distributed and sold hand held electric hair irons bearing FSI's Mark; however, these products do not originate from FSI and, in fact,

are counterfeit products. Defendant, however, advertises, promotes, sells, and offers for sale these counterfeit products as "Farouk CHI" irons. Specifically, Defendant advertises, promotes, sells, and offers for sale these counterfeit products through eBay and possibly other internet auction sites. By including FSI's Mark on Defendant's counterfeit products, Defendant is infringing upon FSI's trademark rights. Given the substantial similarity of Defendant's counterfeit products to FSI's genuine products, and the inclusion of FSI's Mark on Defendant's counterfeit products, there is a substantial likelihood that consumers will be confused, misled, or deceived. Moreover, Defendant's infringing and competing products are inferior compared to FSI's CHI® branded products. Accordingly, Defendant's sales of the infringing products are diminishing the value of the Mark.

13. Furthermore, Defendant's sales of the infringing products without FSI's permission are diluting the value of the Mark and damaging the goodwill and high quality reputation of FSI's CHI® branded products.

14. As evidenced by Defendant's promotion of his counterfeit products as "Farouk CHI" irons, Defendant has been, and currently is, aware of the valuable trademark rights of FSI. Therefore, on information and belief, the above-described activities have been willful.

15. On information and belief, Defendant will continue to undertake such activities which infringe FSI's mark CHI® unless enjoined by the Court.

16. As a consequence of these activities and the impairment to FSI's goodwill, reputation, and customer base, FSI has been irreparably harmed to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is immediately and, after trial, permanently enjoined by this Court from continuing his unlawful activity.

## COUNT I - TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION UNDER THE LANHAM ACT

17. FSI repeats and realleges the allegations set forth in paragraphs 1-16.

18. Defendant's improper use of FSI's CHI® Mark and sale of counterfeit products bearing FSI's CHI® Mark is confusing to consumers and constitutes infringement of FSI's trademark rights in violation of the Lanham Trademark Act ("Lanham Act"). Defendant's unauthorized use of FSI's CHI® Mark violates Section 43 of the Lanham Act which prohibits the use of a trademark in such a manner as is likely to cause confusion as to the source of the goods bearing the trademark. *See* 15 U.S.C. § 1125. Defendant's use of FSI's CHI® Mark also violates Section 32 of the Lanham Act prohibiting the unauthorized use of a trademark which is likely to cause confusion. *See* 15 U.S.C. § 1114.

19. Defendant is currently selling its counterfeit products under FSI's CHI® Mark and will continue to do so unless enjoined from doing so by this Court. If Defendant is allowed to continue to sell under an infringing mark, the distinctiveness of FSI's Mark will be diminished or destroyed. FSI will also lose its goodwill created by its Mark. The continuing acts of Defendant is jeopardizing the goodwill of FSI and its valuable Mark, and such acts have caused and are causing irreparable injury to FSI and to the consuming public. Unless the acts of the Defendant complained of herein are enjoined by this Court, they will continue to cause irreparable injury to FSI and to the public, for which there is no adequate remedy at law. Accordingly, FSI seeks injunctive relief prohibiting the infringing acts by Defendant complained of herein.

20. Additionally or, in the alternative, FSI seeks an accounting and its actual and consequential damages resulting from Defendant's infringing acts. Moreover, FSI seeks punitive, additional, and enhanced damages from Defendant.

## COUNT II - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER TEXAS LAW

21. FSI repeats and realleges the allegations set forth in paragraphs 1-20.

22. The acts of Defendant complained of above constitute trademark infringement and unfair competition under the common law of the State of Texas. As a result of the infringement and unfair competition by Defendant, FSI has suffered and will continue to suffer injury and damage in an amount yet to be determined. Upon information and belief, the acts of infringement by Defendant have resulted in substantial unjust profits and unjust enrichment on the part of Defendant in an amount yet to be determined. Such acts of trademark infringement and unfair competition are causing harm to FSI.

23. The continuing acts of Defendant are jeopardizing the goodwill of FSI and its valuable Mark, and such acts have caused and will continue to cause irreparable injury to FSI and to the consuming public. Unless the acts of the Defendant complained of herein are enjoined by this Court, they will continue to cause irreparable injury to FSI and to the public, for which there is no adequate remedy at law. Additionally or in the alternative, FSI seeks an accounting and its actual and consequential damages as a result of Defendant's infringing acts which have resulted in confusion among the public. Moreover, FSI seeks punitive and enhanced damages for Defendant's willful conduct.

## COUNT III - TRADEMARK DILUTION UNDER TEXAS LAW

24. FSI repeats and realleges the allegations set forth in paragraphs 1-23.

25. The facts set out above demonstrate that Defendant is diluting the exclusivity and distinctiveness of the Mark in violation of the Texas Anti-Dilution Act. Defendant's unauthorized use of FSI's Mark constitutes a dilution of FSI's Mark and injures FSI's business reputation, in violation of TEX. BUS. & COM. CODE § 16.29.

26. As a result of the dilution by Defendant, FSI has suffered, and is suffering, injury and damage in an amount yet to be determined. Upon information and belief, the acts of dilution by Defendant have resulted in and are currently resulting in substantial unjust profits and unjust enrichment on the part of Defendant in an amount yet to be determined. FSI seeks injunctive relief to prevent this type of injury from continuing. Additionally or in the alternative, FSI seeks an accounting and damages.

### COUNT IV - REQUEST FOR MONETARY RELIEF, TREBLE DAMAGES AND ATTORNEYS' FEES AND COSTS

27. FSI repeats and realleges the allegations set forth in paragraphs 1-26.

28. The acts of Defendant complained of above have resulted in trademark infringement and unfair competition. Accordingly, pursuant to 15 U.S.C. § 1117(a), FSI is entitled to recover 1) Defendant's profits; 2) any damages sustained as a result of Defendant's infringing acts; and 3) the costs associated with these causes of action.

29. Moreover, FSI is entitled to an award of treble damages, as well as an award of punitive damages, pursuant to 15 U.S.C. § 1117(b) as a result of the extenuating circumstances of this case, Defendant's intentional use of the Mark, and its gross, wanton, and/or willful conduct.

30. Furthermore, as a result of Defendant's actions, FSI has been required to retain the services of counsel to represent it in this matter, and it has been forced to incur and is presently incurring attorneys' fees in order to enforce its trademark rights. These fees and expenses are necessary and reasonable in order to prosecute this matter. Accordingly, FSI requests that it be granted an award of attorneys' fees and costs as a result of Defendant's actions.

**DEMAND FOR JURY TRIAL**

31. FSI demands a trial by jury on all claims and issues.

**CONCLUSION AND PRAYER**

32. WHEREFORE, Farouk Systems, Inc. prays for entry of judgment:

a. finding that Defendant has infringed U.S. Trademark Registration No. 2,660,257, U.S. Trademark Registration No. 3,107,769, and Farouk Systems, Inc.'s common law trademark rights in the Mark CHI®;

b. finding that Defendant has falsely and intentionally mislead consumers by directly or indirectly representing that infringing products are endorsed by, sponsored by, or affiliated with Farouk Systems, Inc.;

c. finding that Defendant has diluted the goodwill associated with Farouk System, Inc.'s Mark CHI®;

d. finding that Defendant has engaged in unfair competition;

e. enjoining Defendant, his officers, directors, agents, employees, representatives, successors, assigns, if any, and those in privity or concert with them from further acts that would amount to infringement of U.S. Trademark Registration No. 2,660,257, U.S. Trademark Registration No. 3,107,769, and Farouk Systems, Inc.'s common law trademark rights in the Mark CHI®, dilution of Farouk Systems, Inc.'s goodwill associated with Farouk System, Inc.'s Mark CHI®, or unfair competition;

f. awarding Farouk Systems, Inc. all damages caused by the acts of Defendant and all profits of Defendant from acts complained of, and/or all costs to Farouk Systems, Inc. caused by Defendant's activities complained of herein;

g. trebling the damages and profits awarded to Farouk Systems, Inc. as authorized by 15 U.S.C. § 1117;

h. granting Farouk Systems, Inc. pre-judgment and post-judgment interest on the damages caused to Farouk Systems, Inc. by reasons of Defendant's activities complained of herein at the highest rates allowed by law;

i. finding that this is an exceptional case and awarding Farouk Systems, Inc. its reasonable and necessary attorneys' fees in accordance with 15 U.S.C. § 1117;

j. awarding costs to Farouk Systems, Inc.; and

k. awarding Farouk Systems, Inc. such other and further relief, at law or in equity, as the Court may deem just and proper under the circumstances.

Respectfully submitted,

GREENBERG TRAURIG LLP

By: /Anthony F. Matheny/

Anthony Matheny
Texas State Bar No. 24002543

Ben D. Tobor
Texas State Bar No. 20050900

1000 Louisiana, Suite 1800
Houston, Texas   77002
(713) 374-3583 (Telephone)
(713) 754-7583 (Fax)

ATTORNEYS FOR PLAINTIFF FAROUK SYSTEMS, INC.