**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3384 |
| | § | |
| RAKESH V. PARMAR, Individually, | § | |
| and d/b/a SCULLEY_1, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT AND
APPLICATION FOR PERMANENT INJUNCTION**

The plaintiff, Farouk Systems, Inc., ("FSI"), moved for summary judgment and applied for a permanent injunction in this trademark infringement and dilution and unfair competition case. FSI alleged that the defendant, Rakesh Parmar, individually and doing business as sculley_1, sold, offered for sale, and distributed handheld electric hair irons bearing FSI's federally registered trademark, CHI®. The defendant answered but did not respond to requests for admissions, the summary judgment motion, or the application for permanent injunction, and did not appear at the hearing or ask for an extension.

Based on the pleadings, the motion and application, the materials submitted, and the applicable law, this court grants FSI's motion for summary judgment, finds that the defendant intentionally infringed and diluted FSI's federally registered trademarks and engaged in unfair competition, issues an order of permanent injunction prohibiting the defendant from advertising, promoting, offering for sale, or selling any hair care product

bearing, displaying, or advertising under the trademark CHI, awards statutory damages in the amount of $250,000 and attorney's fees and costs in the amount of $9,893.85 and $589.00, and enters final judgment. The reasons are set out below.

**I.     Factual Background**

FSI owns U.S. Trademark Registration No. 2,660,257, issued December 10, 2002, for the mark CHI® for electric hair curling irons. U.S. Trademark Registration No. 2,660,257 is valid, subsisting, and in full force and effect. FSI also owns U.S. Trademark Registration No. 3,107,769, issued June 20, 2006, for the mark CHI® for electric hand-held dryers. U.S. Trademark Registration No. 3,107,769 is valid, subsisting, and in full force and effect. U.S. Trademark Registration Nos. 2,660,257 and 3,107,769 are *prima facie* evidence of the validity of the registered marks and of the registration of the marks, of FSI's ownership of the marks, and of FSI's exclusive right to use the registered marks in commerce on electric hair curling irons and electric hand-held dryers. 15 U.S.C. § 1115(a).

Additionally, FSI is the owner of U.S. Trademark Application Serial No. 78/524,660 for the mark CHI for hair-coloring preparations; U.S. Trademark Application Serial No. 77/055,581 for the mark CHI NANO for various hair irons; U.S. Trademark Application Serial No. 76/512,597 for the mark CHI for hair-care products; U.S. Trademark Application Serial No. 78/622,448 for the mark ULTRA CHI for hair dryers; and U.S. Trademark Application Serial No. 77/265,353 for the mark BIOCHI for electric hair curling irons, electric hair styling irons, electric hair straightening irons, and electric hair flat irons, and clothes irons and clothes steamers.

The trademark CHI® is associated exclusively with FSI for use with hair irons as well as numerous other hair care products. FSI has used the mark CHI® in interstate commerce continuously since 2002. As a result of FSI's marketing of its products and the extensive advertising and other business generation efforts to promote the mark, it has become well known in the Houston metropolitan area, the State of Texas, the United States, and internationally as identifying FSI's products and business. Customers and potential customers in these areas have come to identify the mark as originating with FSI. FSI has developed substantial recognition among the consuming public for its high quality products sold under its CHI® mark and has acquired and enjoys a valuable reputation and significant goodwill associated with its CHI® mark and products sold under its CHI® mark.

FSI's use of the mark in the hair-care industry has been exclusive. As a result of this exclusive use of the mark and the long and widespread use that has been made by FSI of the mark, there is substantial recognition and association of the mark with FSI by the consuming public for hair-care products.

In September and October 2007, FSI learned that defendant was selling, offering for sale, and distributing hand-held electric hair irons bearing FSI's mark through the auction website eBay.com. FSI purchased from the auction website eBay.com one of defendant's hair irons from two different eBay seller names, "sculley_1" and "ragurat." FSI determined that defendant's CHI-branded hair irons do not originate from FSI and, in fact, are counterfeit products. FSI determined that these counterfeit CHI-branded hair irons were inferior in

quality to authentic CHI-branded hair irons. FSI concluded that the defendant advertises, promotes, sells, and offers for sale these counterfeit products as "Farouk CHI" irons.

After determining that the defendant was selling counterfeit CHI-branded hair irons, FSI filed Notifications of Infringement through eBay.com's "VeRO Program," which allows trademark owners to request removal of certain offers on eBay.com due to violations of the trademark owners' rights. The Notifications of Infringement expressly stated that the CHI-branded hair irons being sold by defendant are counterfeits of FSI's CHI® branded hair irons. As a result of the Notifications of Infringement, eBay.com removed from its website all of the items identified in the Notifications of Infringement for the defendant's seller identities "sculley_1" and "ragurat." The defendant's counterfeit Chi-branded hair irons are likely to cause confusion among consumers as to the source of defendant's counterfeit CHI-branded hair irons because (1) defendant's and FSI's products are virtually identical; (2) the CHI-branding on each parties' products are virtually identical; (3) the class of consumers, namely, individuals purchasing hair irons for their personal use, are identical; (4) defendant promotes his counterfeit CHI-branded hair irons as "Farouk CHI" hair irons; and (5) consumers have been actually confused as to the source of defendant's counterfeit CHI-branded hair irons as evidenced by their requests to FSI to repair or replace defendant's counterfeit CHI-branded hair irons. The defendant's counterfeit CHI-branded hair irons are likely to cause dilution of FSI's federally registered mark CHI® because defendant's counterfeit CHI-branded hair irons are inferior to authentic CHI-branded hair irons, which denigrates the goodwill associated with FSI's mark CHI®.

Despite having been notified by eBay that his listings were violating FSI's trademark rights, having his "sculley_1" and "ragurat" listings removed for the infringement, and having been sued for selling counterfeit hair irons in violation of FSI's trademark rights, the defendant continued to engage in the same conduct alleged in FSI's Complaint, albeit under different eBay seller names. The defendant changed his eBay seller name to "mabaker770" ad "cliplanet" and sold and offered for sale counterfeit hair irons bearing or displaying FSI's CHI® mark under each of those seller identities. After purchasing counterfeit hair irons from each of those eBay sellers, FSI once again reported the defendant's trademark infringement to eBay, who removed defendant's listings under these new seller identities. After "mabaker770" and "chiplanet" had their counterfeit eBay.com listings removed by eBay, the defendant returned to using his "ragurat" seller identity. In so doing, defendant digitally altered photographs of his counterfeit CHI-branded hair irons to remove the mark CHI and posted those photographs on his eBay offers. The defendant then adopted yet another eBay seller name, "chelsdeals," and continued to sell and offer for sale counterfeit Chi-branded hair irons.

## II.     Procedural Background

FSI filed this action on October 15, 2007, seeking relief for trademark infringement and unfair competition under federal and state law, as well as for dilution of FSI's trademark rights under state law. On March 18, 2008, FSI served defendant with plaintiff's first set of written discovery. The defendant failed to respond to the written discovery. Included in FSI's first set of written discovery requests were a First Set of Requests for Admissions to

defendant. The requests are deemed admitted. FED.R.CIV.P. 36(a); *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *see also*, *Huey v. United Parcel Serv., Inc.*, 165 F.3d 1084, 1085 (7th Cir. 1999); *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001).

### III. Analysis

#### A. Infringement

To recover on a claim of trademark infringement, a plaintiff must first show that the mark is legally protectable and must then establish infringement by showing a likelihood of confusion. *American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). The factors used by the Fifth Circuit in determining whether a likelihood of confusion exists are: "(1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identify of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers. *Id.* The absence or presence of any one factor ordinarily is not dispositive; indeed, a finding of likelihood of confusion need not be supported even by a majority of the . . . factors." *Id*.

FSI is the owner of federal registrations for the mark CHI®. Federal registration of the mark CHI® is *prima facie* evidence of FSI's exclusive right to use the registered marks in connection with hair irons. 15 U.S.C. § 1115(a). Moreover, the defendant has admitted that the mark CHI® is a valid and enforceable indicator to the public that the hair irons bearing the mark CHI® originate from FSI. FSI has protected and enforceable rights to the mark CHI®. The defendant has admitted that he infringes the mark CHI®.

The defendant's CHI-branded hair irons are counterfeits. Moreover, as indicated by the "Feedback" received by defendant from the sales of his counterfeit CHI-branded hair irons, many of defendant's customers believe they are receiving a genuine "Farouk" CHI-branded hair iron. Anecdotal evidence such as the eBay.com "Feedback" from defendant's customers is admissible and probative of likelihood of confusion. *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 486 (5th Cir. 2004) ("To show actual confusion, a plaintiff may rely on anecdotal instances of consumer confusion, or consumer surveys."); *Brennan's, Inc. v. Dickie Brennan & Co., Inc.*, 376 F.3d 356, 376, n.14 (5th Cir. 2004).

The defendant uses symbols virtually identically to the mark CHI® on the hair irons themselves as well as on packaging, and the defendant's CHI-branded hair irons are counterfeits. The products sold by FSI and defendant are identical to the goods in FSI's U.S. Trademark Registration No. 2,660,257, namely, hair irons. The defendant's hair irons are closely related to the hair dryers of FSI's U.S. Trademark Registration No. 3,107,769. The purchasers or customers of FSI's and defendant's CHI-branded hair irons are identical, namely, individuals seeking hair straightening, curling, and styling irons for home use. In selling and offering for sale his counterfeit CHI-branded hair irons, the defendant uses packaging, including photographs of the packaging and defendant's counterfeit CHI-branded hair irons themselves, that are nearly identical to FSI's genuine CHI® branded hair irons. FSI promotes and advertises its genuine CHI® branded hair irons in nearly an identical fashion. These elements all support a finding of likelihood of confusion and infringement.

As the Fifth Circuit has held that although proof of a defendant's intent is not required, "[i]f such intent can be shown, however, it may provide compelling evidence of a likelihood of confusion." *American Rice*, 518 F.3d at 332. When the defendant was confronted by FSI as to his practices of selling allegedly "authentic" CHI-branded hair irons, he initiated his scheme to continue to defraud consumers by changing his eBay user name and continued to sell the counterfeit hair irons as "Farouk Systems" and "CHI" hair irons. *Id*. The defendant's intent to pass off his hair irons as authentic "CHI" brand hair irons is established. This element supports a finding of likelihood of confusion and infringement.

### B.     Unfair Competition

The elements for a finding of unfair competition under 15 U.S.C. § 1125(a) and Texas common law are identical to the elements for establishing trademark infringement. *See Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 767 F.2d 214, 217 (5th Cir. 1985) ("As a general rule, the same facts which would support an action for trademark infringement would also support an action for unfair competition."), citing *Boston Professional Hockey Ass'n v. Dallas Cap & Emblem Mfg.*, 510 F.2d 1004, 1009-10 (5th Cir. 1975). The defendant is engaging in unfair competition in violation of both federal law and Texas state law. FSI is entitled to judgment as a matter of law on its federal and state law claims for unfair competition.

## C. Dilution

TEX. BUS. & COMM. CODE § 16.29 states:

> A person may bring an action to enjoin an act likely to injure a business reputation or to dilute the distinctive quality of a mark registered under this chapter or Title 15, U.S.C., or a mark or trade name valid at common law, regardless of whether there is competition between the parties or confusion as to the source of goods or services.

To establish a dilution claim under Section 16.29, FSI must establish (1) ownership of a distinctive mark, and (2) a likelihood of dilution. *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799, 811 (Tex. App.–Austin 2001). The owner of a trademark may obtain relief under Section 16.29 if there is a likelihood of dilution due to either "blurring" or "tarnishing." *See Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1081 (5th Cir. 1997). A trademark may be "tarnished" from another's use of it in a manner that tarnishes or appropriates the goodwill and reputation associated with the name. *Id.* at 1084.

FSI owns a "distinctive mark" as evidenced by FSI's federal registrations for the mark CHI®. The likelihood of dilution element is established by the facts that the defendant's CHI-branded hair irons are counterfeits and denigrate the goodwill associated with FSI's mark CHI® because they are inferior to authentic CHI-branded hair irons. Indeed, as evidenced by the eBay.com "Feedback" of defendant's sales, many of defendant's customers complain as to the quality of defendant's counterfeit CHI-branded hair irons. These complaints as to the quality of the CHI-branded hair irons tarnishes FSI's mark CHI® and

undermines the goodwill established by FSI with respect to this mark. Defendant is liable to FSI for dilution of FSI's mark CHI® under Texas Business & Commerce Code, § 16.29.

**D.     Damages**

Section 1117(c)(2) of Title 15 states in pertinent part:

> In a case involving the use of a counterfeit mark (as defined in section 34(d) (15 U.S.C. § 1116(d))[1] in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of . . . (2) if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c)(2).

The defendant willfully infringed FSI's registered trademark rights in the mark CHI® by selling, offering for sale, and distributing counterfeit CHI-branded hair irons. 15 U.S.C. § 1117(a). The circumstances of this case (in particular defendant's failure to cease selling, offering for sale, and distributing his counterfeit CHI-branded hair irons after the filing of this lawsuit), and ignoring pleadings (FSI's Application for Preliminary Injunction) and discovery requests directed to him justifies damages in the amount of $250,000.00.

---

[1] The "term 'counterfeit mark' means (I) a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered; or . . . ." 15 U.S.C. § 1116(d).

FSI has enforceable trademark rights in its mark CHI®. The defendant sold, offered for sale, and distributed counterfeit hair irons bearing FSI's registered mark CHI®. The defendant continued to sell, offer for sale, and distribute counterfeit hair irons bearing FSI's registered mark CHI® long after he was expressly advised that such actions violated FSI's registered trademark rights. The defendant's act of changing his eBay seller name in an attempt to avoid detection by FSI establishes that his infringing actions were willful and that this case is exceptional under 15 U.S.C. § 1117(a). The defendant's sales, offers for sale, and distribution of his counterfeit CHI-branded hair irons are likely to cause confusion and dilution of FSI's federally registered CHI® mark, all in violation of the Lanham Act. A final judgment against defendant for willful infringement and willful dilution of FSI's CHI® mark under 15 U.S.C. §§ 1114, 1117, and 1125 is appropriate. A final judgment finding this action exceptional under 15 U.S.C. § 1117(a) is also appropriate.

### E.  Injunctive Relief

Entering a permanent injunction against the defendant to prohibit further infringement and unfair competition is appropriate because his use of FSI's Mark CHI® creates a likelihood of confusion among customers. The value of the mark to FSI's business, and its relationships with existing and prospective customers and consumers would be directly and irreparably harmed by the confusion resulting from the defendant's continued infringement and unfair competition.

Section 1116 of Title 15 of the United States Code provides that the court has the power to grant injunctions to prevent the violation of any right of the registrant of a mark

registered in the Patent and Trademark Office or to prevent a violation of 15 U.S.C. § 1125(a). Issuance of an injunction to prevent violation of 15 U.S.C. §§ 1114, 1117, and 1125(a) is appropriate where a likelihood of confusion exists. *American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 334-35 (5th Cir. 2008).

The defendant has infringed FSI's registered trademark rights in violation of 15 U.S.C. § 1114. The defendant also has engaged in false designation of origin and false advertising in violation of 15 U.S.C. § 1125 (a). As a result, under 15 U.S.C. § 1116, the defendant is permanently enjoined from: (1) advertising, promoting, representing, offering for sale, or selling any hair care product bearing, displaying, or advertising under: (a) the trademark CHI; (b) the trademark CHI of U.S. Trademark Registration No. 2,660,257; U.S. Trademark Registration No. 3,107,769; U.S. Trademark Application Serial No. 78/524,660; and/or of U.S. Trademark Application Serial No. 76/512,597; (c) the trademark ULTRA CHI of U.S. Trademark Application Serial No. 78/622,448; (d) the trademark CHI NANO of U.S. Trademark Application Serial No. 77/055,581; or (e) the trademark BIOCHI of U.S. Trademark Application Serial No. 77/265,353 (collectively the "Farouk Systems Trademarks"), unless such hair care products are obtained by defendant from Farouk Systems, Inc.; (2) advertising, promoting, representing, offering for sale, or selling any hair care product as being sponsored by, associated with, affiliated with, or connected to Farouk Systems, Inc., unless such hair care products are obtained by defendant from Farouk Systems, Inc.; (3) representing to the public that he is authorized by Farouk Systems, Inc. to promote, advertise, sell, or offer for sale any hair care product bearing, displaying, or

advertised under the Farouk Systems Trademarks; and (4) from advertising, promoting, selling, offering for sale, or in any other way representing to the public that any hair care products, not originating from Farouk Systems, Inc., are associated with, sponsored by, connected with, or affiliated with Farouk Systems, Inc., all as authorized by 15 U.S.C. § 1116.

### F. Fees and Costs

As set forth in 15 U.S.C. § 1117(a) and 1117(b), FSI is entitled to recover its costs of this action as well as its reasonable attorneys' fees as the prevailing party in this action. As mentioned above, this action is "exceptional" and includes "extenuating circumstances," namely, the failure of defendant to stop engaging in his unlawful activities by continuing to sell, offer for sale, and distribute his counterfeit CHI-branded hair irons, and his failure to respond to discovery requests or pleadings in this action. FSI's costs of this action through May 5, 2008 are $589.00 and its reasonable and necessary attorneys' fees incurred as a result of bringing this action through the date of May 5, 2008 are $9,893.85.

### III. Conclusion and Order

FSI's summary judgment motion is granted. An order of permanent injunction and final judgment are separately entered.

SIGNED on August 14, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge